IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD H. GLOVER, SR., | No. 4:24-CV-02073 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| MARK WAHL, | |
| Respondent. | |

MEMORANDUM OPINION

AUGUST 11, 2025

Petitioner Donald H. Glover, Sr., initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his most recent denial of parole, claiming that the Pennsylvania Parole Board's decision violated his substantive due process rights. For the following reasons, the Court will deny Glover's Section 2254 petition.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Glover is currently serving a 10- to 30-year sentence after pleading guilty to third-degree murder, which sentence was entered in 2013 by the Court of Common Pleas of Susquehanna County, Pennsylvania.[1] His controlling minimum and maximum incarceration dates are September 1, 2022, and September 1, 2042,

---

1   *See* Doc. 8-2 at 2-3.

respectively.[2] Glover was most recently denied parole on May 28, 2024, and this appears to be the parole decision he is collaterally attacking.[3]

In its May 2024 denial, the Parole Board provided the following reasons for its decision:

- [Glover's] failure to demonstrate motivation for success.

- [Glover's] minimization/denial of the nature and circumstances of the offense(s) committed.

- [Glover's] refusal to accept responsibility for the offense(s) committed.

- [Glover's] lack of remorse for the offense(s) committed.

- The negative recommendation made by the prosecuting attorney.

- The nature of [Glover's] crime.[4]

The Parole Board further noted that Glover would next be reviewed for parole after May 2025.[5]

Glover filed the instant Section 2254 petition in November 2024.[6] Respondent filed a response[7] to the petition, and Glover filed a traverse.[8] His Section 2254 petition is therefore ripe for disposition.

---

[2] *See id.* at 2.
[3] *See* Doc. 1-5; Doc. 1-6.
[4] Doc. 8-2 at 12.
[5] *Id.*
[6] *See generally* Doc. 1 (dated November 21, 2024).
[7] *See* Doc. 8.
[8] Doc. 12.

2

## II.   DISCUSSION

Glover contends that the Parole Board's May 2024 parole denial violated his substantive due process rights under the Fourteenth Amendment.  The Court finds that he has failed to make this extremely difficult showing.

The Fourteenth Amendment's due process clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them."[9]  With respect to parole determinations, the United States Court of Appeals for the Third Circuit has held that a parole board's decision can violate an inmate's substantive due process rights if it applies "standards that are divorced from the policy and purpose of parole" or other "impermissible criteria."[10]  Specifically, the specter of a substantive due process violation is raised only when "a parole board considers a factor that 'shocks the conscience.'"[11]  If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience-shocking, a substantive due process challenge will fail.[12]

---

[9]   *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).
[10]   *See Block v. Potter*, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) ("In *Block*, the . . . panel majority concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)).
[11]   *Holmes v. Christie*, 14 F.4th 250, 267 (3d Cir. 2021) (quoting *Newman*, 617 F.3d at 782).
[12]   *See Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

Glover asserts that he was denied parole in 2022, 2023, and most recently in May 2024. The gravamen of his substantive due process claim involves a conversation he allegedly had with Elizabeth Bolton-Penna, a Parole Board member, during the May 23, 2024 parole interview. According to Glover, Bolton-Penna purportedly stated,

> Mr. Glover, I'm letting you know right now, I feel you haven't done enough time to warrant parole. I feel you're a murderer and should've received a sentence of life in prison without parole[.] [Y]ou're probably wondering why you continue to be denied for parole by the Parole Board[;] it[']s because you made waves with the District Attorney of Susquehanna County. The[ir] office informed us to not let you make parole regardless if you receive the recommendation for parole from the Pennsylvania Department of Corrections[] or completed all of your[] programs[.] The Parole Board will continue to use arbitrary, capricious, impermissible criteria, unchanging factors, [sic] to keep you in prison longer[.] We don't care about your current health problems[.] [Y]ou took a life, your wife's life, and even if it means we keep denying you parole for the next [10] years, we will do it![13]

The fatal flaw with Glover's substantive due process claim is that—even if Bolton-Penna's statement is assumed to be true—none of the reasons provided by the Parole Board for denying him parole are arbitrary, capricious, impermissible, or conscience-shocking. As recited above, the Parole Board's decision included numerous, constitutionally permissible reasons for its denial of parole, including failure to demonstrate motivation for success, minimization or denial of the nature and circumstances of the offense, refusal to accept responsibility for the offense

---

[13] Doc. 1-6 (cleaned up); *see also* Doc. 12-2 ¶¶ 6, 8, 13, 16.

committed, lack of remorse, a negative recommendation by the prosecuting attorney, and the nature of the crime.  None of these reasons are conscience-shocking, constitutionally impermissible, or arbitrary; in fact, many of them are expressly required to be considered by Pennsylvania's parole statute, 61 PA. CONS STAT. § 6135.  Moreover, Glover does not challenge the accuracy or veracity of most of the reasons provided by the Parole Board in its May 2024 denial.  This is not a case where, for example, parole was denied based on an inaccurate factual predicate.[14]

The Court does not discount Glover's claims that he has made significant progress toward rehabilitation during his incarceration, has maintained a clean disciplinary record and positive work reports, and has obtained a recommendation for parole from the Department of Corrections.[15]  While such efforts are commendable, they do not establish a right to parole or a basis for habeas corpus relief.

"[F]ederal courts, on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for

---

[14] *See, e.g., Gambino v. Morris*, 134 F.3d 156, 162 (3d Cir. 1998) (concluding that United States Parole Commission lacked rational basis to deny parole based on prisoner's unfounded, alleged membership in an organized crime family) (citing *Campbell v. U.S. Parole Comm'n*, 704 F.2d 106, 109 (3d Cir. 1983) ("[T]he Commission may not base its judgment as to parole on an inaccurate factual predicate.")).

[15] *See* Doc. 1-8 at 2.

5

the challenged decision."[16]  The Parole Board clearly provided "some basis" for its May 2024 denial, and Glover's allegations regarding the purported comments of a Parole Board member—even if true—do not establish a justification for this Court to "second-guess" that decision.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Glover's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court likewise declines to issue a certificate of appealability, as Glover has failed to make a substantial showing of the denial of a constitutional right,[17] or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct.[18]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[16]  *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002) (quoting *Coady*, 251 F.3d at 487).
[17]  28 U.S.C. § 2253(c)(2).
[18]  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).